# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SCOTT NESTOR, individually and as Administrator for the Deceased on behalf of Katlynn Nestor and Hudson Nestor, | : : : : | Case No. 3:17-cv-93 |
| | : | Judge Thomas M. Rose |
| Plaintiff, | : : | |
| - vs - | : : | |
| EVERLAST ROOFING, INC., and JAMES DUNKEL, | : : : | |
| Defendants. | : : : | |

---

### ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE (DOC. 28) AS TO OPINIONS OF STEPHEN M. ASHTON

---

Pending before the Court is Defendants' Motion in Limine (Doc. 28) to exclude certain opinions of Plaintiffs' expert, Stephen Ashton. On September 18, 2018, the Court held a hearing during which the parties presented argument regarding the Motion in Limine, among other pre-trial issues. Subsequent to the hearing, Plaintiffs filed a written Response in Opposition (Doc. 37) to the Motion in Limine. This matter is therefore ripe for review.

### I.   BACKGROUND

This is a wrongful death case brought by the estates of two teenage siblings, Hudson Nestor ("Hudson") and Katlynn ("Katlynn") Nestor, who died in a car accident. On December 21, 2015, Hudson was driving a vehicle with his sister Katlynn as a passenger on Gettysburg-Pitsburg Road in Darke County, Ohio. Defendant James Dunkel was driving a tractor-trailer and making a delivery for Defendant Everlast Roofing. Dunkel was on Neff Road, turning onto Gettysburg-Pitsburg Road. As Dunkel made his turn, the decedents' vehicle collided with his vehicle. Plaintiffs allege that Dunkel was negligent. Defendants allege that Hudson was contributorily negligent.

This matter is set for trial on October 9, 2018. Defendants raised several evidentiary issues in anticipation of Plaintiffs' presentation of evidence at trial, including the instant Motion in Limine directed toward Plaintiffs' expert, Stephen Ashton.

## II. MOTION IN LIMINE STANDARD

District courts adjudicate motions in limine under their "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Courts should exclude evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Gresh v. Waste Servs. of Am., Inc.*, 738 F.Supp.2d 702, 706 (E.D.Ky.2010) (citation omitted). The Sixth Circuit advises that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975). "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Owner–Operator Independent Drivers Ass'n v. Comerica Bank*, No. 05–CV–0056, 2011 WL 4625359, at *1 (S.D. Ohio Oct.3, 2011). Denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). This rationale applies to motions in limine to exclude expert witness testimony. *Jahn v. Equine Servs., PSC*, 233 F.3d 382, 393 (6th Cir.2000) ("A district court should not make a *Daubert* ruling prematurely, but should only do so when the record is complete enough to measure the proffered testimony against the proper standards of reliability and relevance.")

## III. ANALYSIS

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony. It states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "A district court's task in assessing evidence proffered under Rule 702 is to determine whether the evidence 'both rests on a reliable foundation and is relevant to the task at hand.'" *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)).

The Supreme Court has identified several factors that might bear on reliability, including testing, peer review, publication, known or potential rate of error, and general acceptance. *Daubert*, 509 U.S. at 593–94. These factors are neither definitive nor exhaustive, however, and may not apply in every case. *Mike's Train House v. Lionel, L.L.C.*, 472 F.3d 398, 407 (6th Cir. 2006). In certain cases, an expert's experience alone may provide a reliable basis for his testimony. Fed. R. Evid. 702 (2000 Amendments advisory committee notes); *see also Campbell v. City of Springboro, Ohio*, 788 F. Supp. 2d 637, 662 (S.D. Ohio 2011) (stating that reliability concerns may focus on personal knowledge and experience). "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 (2000 Amendments advisory committee notes); *see also Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 296 (6th Cir. 2007).

Although Rule 702 "does not require anything approaching absolute certainty," an expert's opinion cannot be based on mere speculation. *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 671 (6th Cir. 2010). The Sixth Circuit has instructed as follows:

> [A]n expert's opinion ... should be supported by good grounds, based on what is known. The expert's conclusions regarding causation must have a basis in established fact and cannot be premised on mere suppositions. An expert's opinion, where based on assumed facts, must find some support for those assumptions in the record. However, mere weaknesses in the factual basis of an expert witness' opinion . . . bear on the weight of the evidence rather than on its admissibility.

*McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800–01 (6th Cir. 2000) (internal quotations and citations omitted); *see also In re Gen. Motors OnStar Lit.*, No. 2:–CV–DT, 2011 WL 679510, at

*8 (E.D. Mich. Jan.12, 2011) (expert's failure to consider all available material goes to weight of testimony), report and recommendations adopted by, No. 2:07–MDL–01867, 2011 WL 674727 (E.D. Mich. Feb.16, 2011). "An expert need not consider every possible factor to render a 'reliable opinion;' rather the expert need only consider enough factors to make his or her opinion sufficiently reliable in the eyes of the court." *In re Gen. Motors OnStar Lit.*, 2011 WL 679510, at *8 (internal citation and quotation omitted). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595.

Defendants ask the Court to enter an order in limine excluding Ashton's opinions "based on speculation or which exceed the scope of his expertise." (Doc. 28 at 1.) Defendants identify the following specific opinions as inadmissible:

1) That Hudson failed to perceive the tractor-trailer because "the headlights of the tractor were positioned in the southbound lane on Gettysburg-Pitsburg Road,"

2) That Hudson had "no expectation that a tractor-trailer would be on rural Gettysburg-Pitsburg Road,"

3) That, on the night of the accident, the tractor-trailer was not visible due to its lack of reflectivity and conspicuity; and

4) That "a normal, prudent person would not have taken the responsibility of pulling an entirely blank, unreflective, unmarked, cloth-like cargo box/semi-trailer on a dark, rural road . . ."

(*Id.* at 2-3, quoting Doc. 32-1, Ex. 3 at 17-18.)

As to the first of these opinions, Defendants argue that Ashton can only speculate regarding what Hudson did or did not perceive at the time of the accident. Defendants refer to Plaintiffs' stipulation, at Ashton's deposition, that "we will never know what went through Mr. Nestor's mind when he died." (Doc. 32 at 145.) Plaintiffs agree that Ashton cannot testify as to what Hudson perceived. (Doc. 37 at 2.) Defendants' Motion in Limine as to this opinion is **GRANTED**.

Defendants argue that the second opinion—that Hudson would not have expected to see a tractor-trailer—should be excluded for lack of foundation. This opinion, like the first, also presumes to know what was going on in Hudson's mind on the night of the accident. Ashton

4

testified at his deposition that this opinion is based on his "own life experience that [on] county roads, you don't see many tractor trailers at night, period, and especially not making left turns." (Doc. 31 at 131:15-19.) Defendants argue that the opinion amounts to no more than Ashton's "personal belief," which is not an accepted basis for expert testimony. In response, Plaintiffs neither describe Ashton's personal experience on country roads nor argue its relevance to Plaintiffs' car accident. The Court therefore **GRANTS** the Motion in Limine as to this opinion.

As to the third opinion, Defendants argue that Ashton is not qualified to render an opinion regarding the reflectivity and conspicuity of the tractor-trailer. They claim that Ashton's education in this area is based on a single 80-hour presentation, which included one portion regarding conspicuity. Defendants further argue that Ashton's opinions on light reflectivity are untested and unverifiable. In response, Plaintiffs argue that Ashton's opinions regarding these issues are "largely admissible" and Defendants' objections go to their weight, not admissibility. At this time, the Court is not persuaded that Ashton lacks the expertise under Rule 702 to render an opinion on these issues. Defendants' Motion in Limine is therefore **DENIED** as to his opinions on the reflectivity and conspicuity of the tractor-trailer.

Lastly, Defendants argue that Ashton's opinion on what a "reasonable, prudent person" would have done is a matter of law on which only the judge may instruct the jury. Plaintiffs do not contest this issue but agree that an expert witness should not be permitted to testify regarding the law or an "ultimate conclusion of fact for the jury." (Doc. 37 at 1.) Defendants' Motion in Limine as to this opinion is therefore **GRANTED**.

### IV.    CONCLUSION

For the reasons above, Defendants' Motion in Limine (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART**.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, October 4, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
