# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| SCOTT NESTOR, Administrator for the Deceased on behalf of Katlynn Nestor, and | Case No. 3:17-cv-93 |
| | Judge Thomas M. Rose |
| HEATHER HINES, Administrator for the Deceased on behalf of Hudson Nestor, | |
| Plaintiffs, | |
| - vs - | |
| EVERLAST ROOFING, INC., and JAMES DUNKEL, | |
| Defendants. | |

## ENTRY AND ORDER OVERRULIING DEFENDANTS' OBJECTION TO PLAINTIFFS' DIRECT CLAIM FOR NEGLIGENCE AGAINST EVERLAST ROOFING

This is a negligence action under Ohio law, which proceeded to trial on October 9, 2018. Prior to the commencement of trial, Defendants objected to Plaintiffs' assertion of a claim that Defendant Everlast Roofing, Inc. ("Everlast") "was negligent in allowing an unsafe vehicle on the roadway, a vehicle that did not meet the minimum safety standards with respect to the required reflective tape on a vehicle." (Doc. 47, Plaintiffs' Proposed Inst. No. 6.) After a brief hearing during which the parties presented oral argument on the issue, the Court overruled Defendants' objection. This Entry and Order memorializes the reasons for the Court's ruling.

Defendants argued that neither Plaintiff asserted a direct negligence claim against Everlast in their Complaint. Defendants acknowledged, however, that Plaintiffs alleged claims for negligent entrustment and vicarious liability based on Defendant James Dunkel's operation of the tractor-trailer involved in the car accident. Defendants therefore argued they did not have proper notice of the direct negligence claim and it would be unfair to permit Plaintiffs to assert it at trial.

Plaintiffs countered that their Complaints' allegations placed Defendants on notice of a

direct negligence claim, even if such a claim was not expressly articulated. Plaintiffs filed their Complaints in Ohio state court, where only notice pleading is required. Plaintiffs further argued that they have litigated this case based on their assertion of direct negligence claims against both Dunkel and Everlast. They argue that Defendants' notice of the claim against Everlast is demonstrated by the parties' Joint Pretrial Statement (Doc. 33), filed July 16, 2018, in which Plaintiffs expressly stated that they were alleging a negligence claim against Dunkel and Everlast for having an unsafe vehicle on the roadway. Finally, Plaintiffs argued that, in any event, they would be permitted under the rules to amend their Complaints to conform to the evidence, which supports a direct negligence claim against Everlast.

As the Court ruled from the bench, Plaintiffs are permitted to present their direct negligence claim against Everlast. Their Complaints allege a direct negligence claim against Everlast sufficient to meet the notice pleadings standards under Ohio law. *Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480, ¶ 29, 95 Ohio St. 3d 416, 423, 768 N.E.2d 1136, 1146 ("Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity."). For example, the Estate of Katlynn Nestor's Complaint contains the allegation that "[a]t the time of the collision described herein, the semi-tractor trailer operated by the Defendants was knowingly being operated in violation of the Federal National Traffic and Motor Vehicle Safety Act." (K. Nestor Complaint at ¶7.) The reference to Defendants in this allegation includes both Dunkel and Everlast. Defendants took issue with an incorrect allegation in Katlynn Nestor's Complaint that Everlast owned the tractor-trailer. (*Id.* at ¶6.) This allegation, even if incorrect, should not have changed Everlast's awareness that Katlynn Nestor's Estate sought to hold it accountable for the tractor-trailer's alleged violations of the motor vehicle safety laws.

The Complaint for Hudson Nestor's Estate alleges that Dunkel was "driving a semi-tractor trailer owned by Defendant, Everlast Roofing, Inc." (H. Nestor Complaint at ¶6.) The Complaint expressly alleges only claims for vicarious liability and that Everlast "negligently entrusted the vehicle to Defendant, James Dunkel, an inexperienced and incompetent driver." (*Id*. at ¶8.)

Even though Hudson's Nestor's Complaint does not explicitly allege a direct negligence

2

claim against Everlast, Plaintiffs are correct that they could obtain leave to amend. Federal Rule of Civil Procedure15(b)(1) provides that "[i]f, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended." It continues: "The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b)(1). In this case, permitting Hudson Nestor to amend is warranted because Plaintiffs pursued discovery supporting their direct negligence claim against Everlast and Everlast has been aware of Plaintiffs' intention to pursue it.

Plaintiffs originally filed separate lawsuits in state court. Those actions were removed pursuant to this Court's diversity jurisdiction and consolidated into one action. Thus, Defendants were aware that a trial in this action might include a direct negligence claim by Katlynn Nestor against Everlast. Consistent with their duties under the Ohio Rules of Professional Conduct, Defendants' counsel would have prepared their defense based on the expectation that Plaintiffs would pursue such a claim at trial. Preparation of their defense would have been the same regardless of whether one Estate or both Estates asserted the claim. Discovery put Everlast on notice that Plaintiffs alleged negligent operation and maintenance of the tractor-trailer. That Everlast was in fact on notice of the claim is demonstrated by the parties' Joint Pretrial Statement. In that document, Plaintiffs state that their claims include that Dunkel and Everlast were negligent for having an unsafe vehicle on the roadway. As a Joint Pretrial Statement, counsel for each of the parties were signatories.

For all these reasons and to facilitate the trial of this action on the merits, the Court found that Plaintiffs are permitted to proceed on their direct negligence claim against Everlast. Defendants' objection was therefore overruled.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, October 12, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE